PROVOSTS', J.
T. J. Ketchum, deceased, made a contract with the Burton Lumber Company by'which said company agreed to sell him all its land holdings in the parish of Catahoula in consideration of his delivering 2,000,000 feet of logs. What was the number of acres, and what would have been the cost of delivering the logs, the record does not show. At his death his major heirs and his widow sold to his daughter, Janie Ketchum, their interest in this contract at a price corresponding with a valuation of $10,000 put upon the contract, and family meetings were held to authorize the tutors of the minor heirs to sell the interest of the heirs at private sale at the same price to effect a partition of the joint interest in said contract. Thereafter Miss Janie Ketchum obtained a quitclaim deed to the said lands for her own account. In this deed is the following recital:
“The considerations for which this conveyance and quitclaim is made are as follows: The said Burton Lumber Company on July 5, 1900, made a certain contract with the late T. J. Ketchum, of Catahoula parish, for of grantee herein, to sell to the said Ketchum all the lands owned by the said company in the parish of Catahoula at the price of $2 per acre, and to transfer the said land to the said T. J. Ketch-um upon payment of the said price as stated in the said contract, and to make deed transferring the land by said title as was held by the company; and that there is now a balance due on said contract the sum of $3,984.20. And the said T. J. Ketchum having died since the making of the said contract, and the said Miss Janie Ketchum having acquired all the interest of the widow and other heirs of the said Capt. Ketchum in and to the said contract, and she being desirous of paying the balance due and carrying out the contract as made with her father, and the said Burton Lumber Company being willing and consenting for her to do so, this transfer is made.”
The present suit is brought by the heirs, who were then minors. They claim part ownership in the following described land, which, they allege, was included in the said Burton Company contract. Whether it was or not does not appear from the record, as all written evidence of the T. J. Ketchum contract with the Burton Company has been lost, and no one knows anything more about it than that it covered all the lands of that company in Catahoula parish and had the delivery of 2,000,000 feet of logs as its consideration, and as the record does not show' what lands were so owned by that company, and as, furthermore, in copying in the transcript the deed by that company to Miss Janie Ketchum the description has been left out, and, finally, as the deed by Miss Janie Ketchum to her vendee the predecessor in title of defendant, is not in the record, to wit:
*191 S. E. Vi of S. E. Vi, See. 13, T. 6 N„ R. 2 E........................................... 40 acres
N. E. Vi, Sec. 12, T. 6 N., R. 2 E........... 160 acres
S. W. Vi of S. W. Vi, See. 9, T. 7 N., R. 3 E.......................................'____ 40 acres
E. % of S. E. Vi, Sec. 8, T. 7 N., R. 3 E..... 80 acres
E. Vi of N. E. Vi, See. 17, T. 7 N., R. 3 E... 80 acres
All of Sec. 4, T. 6 N., R. 3 E............... 640 acres
1,040 acres
We assume, however, that these lands were included in said contract, as no question is raised in that connection.
Plaintiffs allege that the said purchase by their sister, while made apparently for her sole benefit, was in reality for the joint benefit of all the heirs; and that, as the deed by which she purchased and all the deeds by which their interests were transferred to her were of record, showing their having an interest in said contract and in the said purchase made by their sister, the defendant acquired with full knowledge of, and subject to, their said interest. While the petition does not so allege, we assume that the true ground of the suit is that the transfers made of the interests of plaintiffs by. their tutors to their sister are null because made at private sale, and that as the said transfers were made at private sale, and were of record, the purchaser from the sister of plaintiffs and all the successive purchasers of the property down to and including the defendant company were advised of the said fact of the said transfers having been made at private sale and of their having been in consequence null.
Plaintiffs are appellants, the judgment having gone against them in the lower court, and they are not represented by counsel in this court.
As appears from the hereinabove transcribed excerpt from the quitclaim deed from the Burton Company, Miss Janie Ketchum acquired for herself, and not for herself and mother and sisters and brothers. It is said that the payment to the Burton Company was made with moneys belonging to the succession of her father. But nothing shows this.
[1] On what theory the plaintiffs can, in the face of their mother’s deed to their sister, claim by inheritance from their mother, we are not advised, and have no idea.
To their claim as heirs of their father the defenses are that the sister acquired for herself with her own money's; that any equities the plaintiff might have had in the matter did not appear of record, and therefore could not affect the purchasers from the sister; that the said contract with the father was at best a mere promise of sale, which did not convey the title, and was no obstacle to that company’s selling to some one else; and that the sale made of the interest of plaintiffs, whatever that interest may have been, was valid.
[2] Of these defenses we will notice only the last, which appears to us to be complete. Of the good faith of these transfers there could be no serious question raised upon the record; and since they were • made for the purpose of effecting a partition, and since the property of minors may be sold at private sale for that purpose, we do not see why their having been made at private sale should affect their validity.
Judgment affirmed, with costs.